**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENRIQUE MATA,

   Petitioner,

  v.

MICHAEL MARTEL, Warden,

   Respondent.
_____/

No. C 08-4525 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

  Enrique Mata, an inmate at the Mule Creek State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

  Following a jury trial in Santa Clara County Superior Court, Mata was convicted of one count of aggravated sexual assault of a child and four counts of committing a lewd act on a child by force.  See Cal. Penal Code §§ 269, 288(b)(1).  On October 22, 2004, he was sentenced to a term of 39 years to life in prison.

  Mata appealed.  His conviction was affirmed by the California Court of Appeal in 2004, his petition for review was denied by the California Supreme Court in 2007, and his petition for writ of certiorari was denied by the U.S. Supreme Court in 2007.  He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts two claims.  First, Mata claims that his Fifth and Sixth Amendment rights were violated because he was not advised of his Miranda rights during a custodial interrogation.  Second, Mata claims that he received ineffective assistance of counsel because counsel failed to object to his involuntary statement.  Both claims are cognizable in a habeas action.

**CONCLUSION**

For the foregoing reasons,

1.      The petition states cognizable claims for habeas relief and warrants a response.

2.      The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3.      Respondent must file and serve upon petitioner, on or before **February 13, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 20, 2009**.

5.      Petitioner is responsible for prosecuting this case.  He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Petitioner must write the name and case number for this case on the first page of every document he files.

IT IS SO ORDERED.

DATED: December 18, 2008

_____
SUSAN ILLSTON
United States District Judge

3